USCA1 Opinion

 

 January 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1787  UNITED STATES, Appellee, v. JOSE OMAR SANTA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Edward F. St. Onge on brief for appellant. __________________ Sheldon Whitehouse, United States Attorney, and Edwin J. Gale, __________________ ______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Jose Omar Santa ___________ ("Santa") appeals his sentence on two grounds. First, he objects to the conversion of money found at his apartment into drug amounts for the purposes of calculating his base offense level. Second, he contests the district court's refusal to depart downward from the guideline sentence on account of defendant's status as a deportable alien, which makes him ineligible for assignment to low-security prisons or half-way houses. We affirm. I. Conversion of Cash __________________ The Commentary to Section 2D1.1 of the United States Sentencing Guidelines provides that drug amounts not specified in the counts of conviction may be considered in determining the offense level. See Comment n. 12. To be ___ included, the drug amounts must be "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Gerante, 891 F.2d 364, 369 _____________ _______ (1st Cir. 1989). The Guidelines permit the sentencing court to treat cash as the equivalent of an estimated quantity of drugs in arriving at a base offense level. Comment note 12 to 2D1.1 provides, in relevant part, as follows: Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the -2- price generally obtained for the controlled substance, . . . On appeal, Santa argues that there is no evidence to support the government's statement at sentencing that the cash was wrapped in tin foil and located under the bed. He also argues that the cash "represented the proceeds of sales already counted." At sentencing, however, Santa did not object to the government's account of the packaging and location of the cash. Therefore, this objection may not be raised for the first time on appeal. See United States v. ___ ______________ Jackson, 3 F.3d 506, 511 (1st Cir. 1993). Even on appeal, _______ Santa has failed to offer an alternative account of the packaging and location of the cash. "[T]he determination that an amount of money represents proceeds from drug transactions that are part of the same course of conduct as the charged offense, and therefore represents relevant conduct attributable to the defendant, is predominantly factual and reviewable only for clear error." Jackson, 3 F.3d _______ at 510. In this case, the sentencing judge's conclusions were not clearly erroneous. The court was free to disbelieve Santa's claim that the cash represented savings for a trip to Colombia. The packaging and location of the cash belied that claim. Similarly, given the almost three-month lapse between the previous sales of drugs and the seizure of cash, the rejection of Santa's claim that the cash represented proceeds from the previous sales is not clearly erroneous. "The judge -3- present at the sentencing hearing is in the best position to determine the credibility of the witnesses and the source of the currency, . . ." Jackson, 3 F.3d at 512. _______ II. Downward Departure __________________ Santa's second argument on appeal is that the sentencing court erred in denying his request for a downward departure from the guideline sentence. "It is by now axiomatic that a criminal defendant cannot ground an appeal on a sentencing court's discretionary decision not to depart below the guideline sentencing range." United States v. _____________ Pierro, 32 F.3d 611, 619 (1st Cir. 1994), cert. denied,  ______ _____ ______ __ U.S. , 115 S.Ct. 919 (1995). "Appellate jurisdiction does ___ attach, however, where the decision not to depart is based on the sentencing court's assessment of its lack of authority or power to depart." United States v. Morrison, 46 F.3d 127, ______________ ________ 130 (1st Cir. 1995). Although the sentencing court indicated that it was skeptical about its authority to depart on the basis of Santa's status as a deportable alien, that was not the sole ground for its failure to depart. The court clearly stated that "even if I were permitted to make a downward departure, I wouldn't do it on this basis." Therefore, the failure to depart was the result of a discretionary decision that departure was not appropriate, even if it was permitted. ____ __ -4- Accordingly, this court lacks jurisdiction to review the sentencing court's departure decision. The sentence is summarily affirmed. See Loc. R. _________ ________ ___ 27.1. -5-